UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:03-cr-0197-SEB-DKL-2 |
| | ) | 1:12-cr-0185-SEB-MJD-8 |
| GERALD RACHELL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On  January 4, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed September 24, 2015.  Defendant Gerald Rachell appeared in person with appointed counsel Joseph Cleary.  The government appeared by Michelle Brady, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.	The Court advised Defendant Rachell of his rights and provided him with a copy of the petition.  Defendant Rachell waived his right to a preliminary hearing.

2.	After being placed under oath, Defendant Rachell admitted violations 1, 2, 3, and 4.  [Docket Nos. 25 (1:03-cr-197) and 286 (1:12-cr-185).]

3.	The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

As previously reported to the Court, on April 19, 2015, the offender provided a urine specimen which tested positive for Opiates. The specimen was confirmed positive for Hydrocodone and Hydromorphone by Alere Laboratory; however, the offender had no valid precscription. On August 25, 2015, the offender provided a urine specimen which tested positive for cocaine. He admitted using cocaine and signed an admission report of positive urinalysis form. A subsequent drug screen collected September 4, 2015, yielded a negative result.

| | |
|---|---|
| 2 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay."** |

On September 16, 2015, the offender failed to appear for a scheduled drug screen. In addition, he was required to pay a $150 co-pay fee no later than June 5, 2015. He failed to do so and the current balance is $75.

As previously reported to the Court, on April 18, 2015, and August 24, 2015, the offender failed to appear for schedule drug screens. On September 2, 2015, the offender failed to report for a scheduled group substance abuse treatment session. Lastly, on April 23, 2015, the offender provided a diluted urine specimen.

| | |
|---|---|
| 3 | **"The defendant shall not commit another federal, state, or local crime."** |

On September 16, 2015, at approximately 8:40 p.m., the offender was arrested by the Indianapolis Metropolitan Police Department (IMPD) for the offense of residential entry (felony) and criminal trespass (misdemeanor). The case is pending in Marion County Superior Court under Cause Number 49G25-1509-F6-033708. An initial hearing was held September 22, 2015.

According to the probable cause report, IMPD was dispatched to 1648 N. Park Avenue, Indianapolis, Indiana, regarding trouble with a person. Officers made contact with Devon Williams, a security officer with Central

    Indiana Protection Agency (CIPA), who was standing with the offender when they arrived. Eboni Vixon, a lease holder of the apartment complex Mr. Williams is employed with, informed the police there had been an incident the previous day, when the offender was instructed not to come back on the property. A written trespass notification regarding this incident was provided to the officers by Mr. Williams. Officers then made contact with Sharkesa Brown, who stated she was sitting inside the residence when the offender opened the back door to the apartment and walked downstairs where she was sitting. She asked what he was doing there because he knew he was not supposed to be at the residence. The offender responded "I don't give a f**k." Ms. Brown contact Ms. Vixon, who notified the security company that the offender was in the area and had no vested interest in the apartment. The offender was placed under arrest and transported to the arrest processing center (APC).

4    **"If this judgment imposes a fine or restitution, it is a condition of probation/supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."**

    As to Docket Number 1:03CR000197-002, the offender has failed to remit a payment since his second term of supervised release commenced. The outstanding balance is $950.

    As to Docket Number 1:12CR000185-008, the offender has failed to remit a payment toward his special assessment and the balance remains $100.

4. The parties stipulated that for Cause Number 1:03-cr-0197-02:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The parties stipulated that for Cause Number 1:12-cr-0185-08:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

6.       The parties jointly recommended revocation of Defendant's conditions of supervised release and that he be sentenced to 10 months on Cause Number 1:03-cr-0197-SEB-DKL-2 with no supervised release to follow and 18 months on Cause Number 1:12-cr-0185-SEB-MJD-8 with no supervised release to follow.  Both sentences are to be served concurrently.  Defendant requested placement at FCI Manchester without objection by the Government.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 10 months for Cause Number 1:03-cr-0197-SEB-DKL-2 with no supervised release to follow and 18 months on Cause Number 1:12-cr-0185-SEB-MJD-8 with no supervised release to follow.  Both sentences are to be served concurrently.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Court will make a recommendation of placement at FCI Manchester.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 1/13/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal